IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JILL WRIGHT, individually and as Executrix of the Estate of Dr. Robert Wright; ELIZABETH WRIGHT MIHATOV; MARILYN POINDEXTER, individually and as Executrix of the Estate of Dr. James Poindexter; and JANET FORD,<br><br>      Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA; CITY OF TWIN FALLS, IDAHO; and COUNTY OF TWIN FALLS, IDAHO,<br><br>      Defendants. | Case No. CV-04-469-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

This case arises under the Federal Tort Claims Act, 28 U.S.C. § 2675 (FTCA). On September 15, 2002, a Cessna 182 crashed at the Magic Valley airport at Twin Falls, Idaho. The pilot, Alan Frisch, and two passengers, Dr. Robert Wright and Dr. James Poindexter, were killed.

Mr. Frisch's survivors did not file administrative claims under the FTCA.

**Memorandum Decision and Order - 1**

Dr. Poindexter's survivors (the Poindexter Plaintiffs) filed administrative claims with the Federal Aviation Administration (FAA) dated February 24, 2004, and the FAA denied those claims by letter dated August 13, 2004.  Counsel for Dr. Wright's survivors – Jill Wright, Stuart Wright and Elizabeth Wright Mihatov (the Wright Plaintiffs) – mailed their claims to the FAA by regular mail on February 24, 2004; however, the FAA never received the claims.

The United States has moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction arguing that the Wright Plaintiffs failed to exhaust their administrative remedies.  Specifically, the Government argues that the Wright Plaintiffs failed to present administrative claims to the Federal Aviation Administration (FAA) prior to filing this action.

The Wright Plaintiffs concede that no evidence establishes that the FAA timely received their claims, but ask the Court for equitable relief.  The matter has been fully briefed, and both parties have submitted evidence in support of their positions.  Thus, the Court will treat the United States' Motion to Dismiss as a Motion for Summary Judgment.  A hearing was held on May 18, 2005.  For the reasons set forth below, the Court will grant the Motion.

## DISCUSSION

**Memorandum Decision and Order - 2**

*1.*     *The Court Lacks Subject Matter Jurisdiction Because the Wright Plaintiffs Failed to Meet the Claim Presentment Requirement of the FTCA.*

The United States, its agencies, and its employees may not be sued in the absence of a waiver of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Congress has waived the immunity of the United States to be sued for certain torts under the FTCA. 28 U.S.C. § 2675. The FTCA requires a claimant to present an administrative claim to the appropriate federal agency before filing an action in court. 28 U.S.C. § 2675(a)[1].

The purpose of the FTCA's administrative claim procedure is to encourage administrative settlement of claims against the United States and thereby prevent an unnecessary burdening of the courts. *Brady v. United States, Brady v. United States*, 211 F.3d 499, 503 (9th Cir. 2000). As the Supreme Court stated in *McNeil v. United States*, 508 U.S. 106, 112 (1993):

> Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature

---

[1] 28 U.S.C. § 2675(a) provides:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

**Memorandum Decision and Order - 3**

filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. (Footnote omitted).

Further, the claim must be presented in writing two years after it accrues. 28 U.S.C. § 2401(b)[2]. A claim is not presented until it is *received* by the agency. *Brady v. United States*, 211 F.3d at 502. A plaintiff bears the burden of proving that the Court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Because the FTCA bars claimants from seeking damages against the United States until they exhausted their administrative remedies, *McNeil v. United States*, 508 U.S. 106, 113 (1993), the Wright Plaintiffs cannot bring this action unless they present evidence that the FAA timely received their administrative claims. *See Bailey v. United States*, 642 F.2d 344, 347 (9th Cir. 1981). They have not done so.

The Wright Plaintiffs contend that the law office of Michael A. K. Dan, their previous counsel, mailed claims on their behalf by regular mail on February 24,

---

[2] 28 U.S.C. § 2402(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

**Memorandum Decision and Order - 4**

2004, to the FAA. *See* Declarations of Jan Hansen and Michael A.K. Dan. (Docket No. 20, Attachments 1 and 2). The FAA contends that it did not receive these claims. *See* Declaration of Richardson H. Saltsman, Assistant Chief Counsel for Litigation. (Docket No. 18, Attachment 1, Ex.2)

At most, the evidence submitted by the Wright Plaintiffs establishes only that their claims were mailed – by regular mail – within the two year period. However, the critical date is the date the claim is received by the agency, and not the date the claim is served or mailed. *Bailey*, 642 F.3d at 346-47. The mere mailing of an administrative claim, without more, does not establish receipt by an agency. *Id*. at 347. Thus, the Wright Plaintiffs have not proven that the FAA timely received their claims and have not carried their burden of establishing subject matter jurisdiction.

2.   *The claim presentation requirement is jurisdictional and cannot be waived by the Court.*

The Wright Plaintiffs cite *Irwin v. Veterans Administration*, 498 U.S. 89 (1990) for the proposition that statutes of limitations in suits against the United States are subject to equitable tolling and ask the Court to excuse their failure to timely present their claim to the FAA on the grounds that they were prevented from doing so due to inequitable circumstances. They point out that the United States was placed on notice of the accident the day it happened, that the National

**Memorandum Decision and Order - 5**

Traffic Safety Board (NTSB) and the FAA immediately conducted an investigation, and that the FAA received the claims filed by the Poindexter Plaintiffs. The Wright Plaintiffs assert that they have no control over the U.S. mail and that the FAA waited almost six months before denying the Poindexter Plaintiffs' claims. They argue that, because there is no legal requirement that the FAA respond to their claims, they had no reason to suspect that the FAA had not received their claims. Finally, the Wright Plaintiffs contend that the Government will not suffer undue prejudice as the result of the FAA not having timely received their claims.

Citing *Perez v. United States*, 167 F.3d 913 (5th Cir.1999), the Wright Plaintiffs argue that the FTCA limitation regarding claim presentation is not jurisdictional. The Government acknowledges that a statute of limitations defense is not jurisdictional and can be waived by the Court, *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765 (9th Cir.1997); but correctly asserts that, under Ninth Circuit precedent, the claims presentation requirement is jurisdictional. In *Brady v. United States*, 211 F.3d 499 (9th Cir.2000), the Ninth Circuit wrote:

> The requirement of an administrative claim is jurisdictional. Because the requirement is jurisdictional, it 'must be strictly adhered to. *See Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir.1995). This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.' *Jerves v.United States*, 966 F.2d 517, 521 (9th Cir.1992).

**Memorandum Decision and Order - 6**

*Id*. at 502.  It is Ninth Circuit precedent in *Brady*, and not the Fifth Circuit decision in *Perez*, that must guide the Court's decision.

3.  *Even if equitable relief were available, it is not warranted here.*

Assuming, for the sake of argument, that presentation of administrative claims prior to filing suit is not a jurisdictional requirement and could be waived by the Court, equitable relief should not be granted here.  Nothing in this record suggests that the FAA contributed to the circumstances in which the Wright Plaintiffs find themselves.  Moreover, it would have been a simple matter for counsel to have mailed the Wright Plaintiffs' claims by registered or certified mail, or to have inquired with the FAA prior to the expiration of the two year period.  Counsel did neither.  The Wright Plaintiffs have not alleged that their previous counsel corresponded with the FAA by letter or E-mail, or that phone calls were made on their behalf at any time during the two year period.   The facts that the FAA was aware of the accident and investigated it do not excuse the Wright Plaintiffs from complying with the requirement that they timely present their administrative claims.  Unless and until the FAA received those claims it was not on notice that the Wright Plaintiffs intended to pursue an action.

In *Bailey*, *supra*, on facts very similar to those present here, the Ninth

**Memorandum Decision and Order - 7**

Circuit concluded that, even if it could excuse literal compliance with the FTCA's administrative presentation requirement, the circumstances would not warrant equitable relief. In *Bailey*, as here, plaintiffs and their counsel did not claim ignorance of the statutory and regulatory requirements. They knew that a claim was required and when it had to be presented. The regulation gave them notice that a claim is not presented until it is received. Further, Bailey's counsel, like counsel here, "did not send [the claim] by certified or registered mail, a well known and easy way to establish receipt by the [appropriate agency]." *Id*.

In one respect the *Bailey* case is distinct from the case at bar. In addition to representing Bailey, Bailey's counsel represented two other claimants in the same action. The appropriate agency had promptly acknowledged receipt of those individuals' claims. The Ninth Circuit stated that Bailey's counsel's non-receipt of an acknowledgment of Bailey's claim "should have suggested that the claim had not been received, but had gone astray, in view of the prompt acknowledgment of the other claims." *Id*. at 347.  Here, different counsel represented the Wright Plaintiffs and the Poindexter Plaintiffs; so the fact that the Poindexter Plaintiffs received a letter from the FAA denying their claim – and the Wright Plaintiffs did not receive such a letter – would not necessarily have placed the Wright Plaintiffs on notice that their claim had not been received. However, that distinction alone

**Memorandum Decision and Order - 8**

does not excuse counsel's non-compliance with the statute.

The Court notes that, in *Bailey*, once counsel inquired as to the status of Bailey's claim and learned that the agency had no record of receiving it, copies were immediately sent to the agency.  Even though the copies were not timely submitted, Bailey's counsel at least ensured that the agency had received the claims before requesting equitable relief.  Here, nothing in the record suggests that, after learning that the FAA had not received the Wright Plaintiffs' claims, counsel provided the FAA with copies.  Thus, even now, as the Wright Plaintiffs ask this Court to grant them equitable relief, they have not presented evidence that the FAA has received their claims.  Finally, the Wright Plaintiffs cite no authority for their argument that equitable relief for failure to timely file administrative claims is available on the grounds that the United States would not suffer undue prejudice.

Nothing in this record supports the Wright Plaintiffs assertion that they were prevented from complying with the statute; rather, they are asking the Court to "rescue counsel from their own carelessness."  *Bailey,* 642 F.3d at 347.  The Court is aware of the harsh result visited upon the Wright Plaintiffs; however, in construing the statute of limitations as a condition of the United States' waiver of sovereign immunity, the Court cannot take it upon itself to extend the waiver beyond the Congressional intent.  *United States v. Kubrick*, 444 U.S. 111, 117-18

**Memorandum Decision and Order - 9**

(1979). Therefore, the Court will grant the United States' Motion to Dismiss.

## CONCLUSION

Because the Wright Plaintiffs did not timely present their claims to the FAA, they have failed to exhaust their administrative remedies and cannot establish that subject matter jurisdiction is proper.  Therefore, their claims against the United States must be dismissed under Fed. R. Civ. P. 12(b)(1). Moreover, because the claim presentation requirement is jurisdictional, the Court may not waive it and grant equitable relief.  However, even if the Court had the authority to provide equitable relief, it would not do so.  The FAA did nothing to contribute to the Wright Plaintiffs' failure to ensure that the agency timely received their claims. Rather, the Wright Plaintiffs' prior counsel simply failed to take the minimal, but necessary, steps to ensure compliance with the statute.

Accordingly,

IT IS HEREBY ORDERED that the United States' Motion to Dismiss the Wright Plaintiffs' claims, which the Court has construed as a Motion for Summary Judgment, (Docket No. 18) is GRANTED.

IT IS FURTHER ORDERED that the Wright Plaintiffs' claims against the other defendants remain.

DATED: **June 2, 2005**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 11**